UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIROD LOANCO, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1127** |
| **HENRY L. KLEIN** | **SECTION: D(5)** |

### ORDER AND REASONS

Before the Court is a Motion to Remand and Motion for Entry of Prefiling Injunction Against Henry L. Klein filed by Plaintiff Girod LoanCo, LLC ("Girod").[1] Defendant Henry L. Klein ("Klein") opposes the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **GRANTED in part** and **DENIED in part**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises from Girod's effort to recover a post-foreclosure sale balance owed to Girod by Klein as the guarantor of a promissory note. Following the issuance of a final judgment against Klein and in the midst of post-judgment discovery regarding Klein's assets, Klein removed this matter to this Court on October 1, 2024, under Civil Action No. 24-2366-WBV-MBN.[3] The case was then remanded on December 4, 2024, after the Court determined that it did not have subject matter jurisdiction over this matter.[4]

---

[1] R. Doc. 10.
[2] R. Doc. 31.
[3] No. 24-2366, R. Doc. 1
[4] No. 24-2366, R. Doc. 30.

Following remand, Girod filed a Motion for Sanctions against Klein, which the state court judge granted on January 29, 2025.[5] Then, Klein filed a Motion to Recuse, and that Motion was denied on April 28, 2025.[6] On June 4, 2025, Klein re-removed the matter to this Court.[7] In his Notice of Removal, Klein alleges that "[t]he most recent triggering of removal ability pursuant to 28 U.S.C. § 1446(b)(3) occurred on May 7, 2025," although Klein does not address what exactly triggered removal.[8] Klein alleges that this Court has federal question jurisdiction based on "a suspect pattern of SUMMARY DENIALS impacting the 1st Amendment right to 'adequate, effective and meaningful access to courts.'"[9] Klein also appears to allege that violations of his Fourteenth Amendment by the judge presiding over the state court action give rise to subject matter jurisdiction.[10]

On June 24, 2025, Girod filed the instant Motion to Remand and Motion for Entry of Prefiling Injunction Against Henry L. Klein.[11] In its Motion, Girod argues that jurisdiction is determined from the face of the plaintiff's Petition, and because the state court Petition does not raise federal claims, Klein may not invoke federal question jurisdiction.[12] Even if he could, Girod argues, the *Rooker-Feldman* doctrine would bar this Court's exercise of jurisdiction because inferior federal courts lack jurisdiction to modify or reverse state court judgments.[13] Even if Girod also argues

---

[5] R. Doc. 1-5, pp. 189-90.
[6] R. Doc. 1-5, p. 192.
[7] R. Doc. 1.
[8] *Id.* at ¶ 2.
[9] *Id.* at ¶ 3 (quoting *Broudy v. Mather*, 460 F.3d 106 (D.C. Cir. 2006)) (citation modified).
[10] *Id.*
[11] R. Doc. 10.
[12] R. Doc. 10-1 at 6-8.
[13] *Id.* at 11-13.

2

that removal is untimely.[14] Girod argues that the "other paper" that triggered removal appears to be the order of the Motion to Recuse, which was signed on April 25, 2025, and served on the parties via email on April 28, 2025.[15] Because Klein removed more than thirty days after receipt of the Order denying the Motion to Recuse, Girod argues, removal was untimely.[16] Girod further argues that removal was procedurally improper because Klein did not provide the state court with notice stating the grounds for removal.[17] Finally, Girod asks the Court to enter an order barring Klein from filing in this Court without first obtaining leave from the Chief Judge.[18] Girod argues that such an order is appropriate considering Klein's "history of pursuing vexatious and harassing litigation in state and federal court;" his repeated attempts at removing cases absent good faith bases; the burden that these filings place on the court and opposing parties and counsel; and the fact that lesser sanctions have not deterred Klein from this continued behavior.[19]

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, having the power to hear only cases that present a federal question or are between citizens of different states."[20] "The burden of subject matter jurisdiction lies with the party asserting jurisdiction, and it must be proved by a preponderance of the evidence."[21] "If the court determines

---

[14] *Id.* at 8.
[15] *Id.* at 9.
[16] *Id.*
[17] *Id.* at 9-11.
[18] *Id.* at 14.
[19] *Id.* at 14-21.
[20] *Quinn v. Guerreo*, 863 F.3d 353, 358 (5th Cir. 2017) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)).
[21] *In re S. Recycling, LLC*, 982 F.3d 374, 379 (5th Cir. 2020).

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[22] "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'"[23]

### III. ANALYSIS

Girod argues that this matter must be remanded on three bases: first, because the Court lacks subject matter jurisdiction; second, because removal was untimely; and third, because removal is procedurally flawed. The Court will consider each argument in turn, beginning, as it must, with jurisdiction.

#### A. Whether this Court Has Subject Matter Jurisdiction

Klein argues that this Court has federal question jurisdiction over this matter as a result of "summary denials" in state court, which Klein alleges violate his First and Fourteenth Amendment rights.[24] As this Court explained in remanding this matter the first time, however, events occurring in the course of state court litigation, even if they arguably implicate questions of federal law, do not give rise to federal question jurisdiction.

Under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff pleads only a state law cause of action."[25] "A case pleading only state law claims may arise

---

[22] FED. R. CIV. P. 12(h)(3).
[23] *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).
[24] R. Doc. 1 at ¶ 3.
[25] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

under federal law 'where the vindication of a right under state law necessarily turns on some construction of federal law.'"[26]  Moreover, "a defense that raises a federal question is inadequate to confer federal jurisdiction."[27]  As this Court has explained, the Petition in this case is one for enforcement of a promissory note, which is a matter of state law.  Thus, under the well-pleaded complaint rule, this Court cannot exercise federal question jurisdiction.

To the extent that Klein attempts to side-step the well-pleaded complaint rule by alleging broad allegations of constitutional violations by the state court, federal courts have rejected the idea that such allegations are sufficient to confer federal question jurisdiction.  As the Fifth Circuit explained:

> Constitutional questions arising in state proceedings are to be resolved by state courts.  If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court.  Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.  The casting of a complaint in the form of a civil rights action cannot circumvent this rule.[28]

For these reasons, Klein has failed to establish that this Court has subject matter jurisdiction, and the Court therefore must remand this matter.

B. **Whether Removal Was Timely**

Even if the Court had subject matter jurisdiction over this matter and even if an order denying a motion to remand could give trigger removal, remand would still

---

[26] *Id.* (quoting *Franchise Tax Bd. v. Const. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)) (internal quotations and brackets omitted).
[27] *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)) (internal quotations omitted) (cleaned up).
[28] *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

be appropriate because Klein has failed to establish the timeliness of removal. The federal removal statue requires a defendant to remove a matter within thirty days of the receipt of the state court petition or within thirty days after receipt of "an amended pleading, motion, order or 'other paper' from which it may first be ascertained that the case is one which is or has become removable."[29]

Klein alleges that "[t]he most recent triggering of removability pursuant to 28 U.S.C. § 1446(b)(3) occurred on May 7, 2025."[30] The order Klein appears to argue rendered the case removable is the order denying the Motion to Recuse, which Klein argues was "allegedly signed April 25, 2025[,] but not entered until May 7, 2025.[31] But as Girod points out, the parties were notified of this order on April 28, 2025, when a law clerk for the Civil District Court emailed counsel a copy of the Order denying the Motion to Recuse.[32] Klein does not offer any reason why the April 28, 2025 email from the Civil District Court should not constitute receipt of the order. The removal statute clearly states that receipt of the order or paper establishing removability need not be through formal service, and courts routinely consider receipt of information indicating removability through email to be sufficient.[33] Further, Klein does not allege non-receipt of the email, and even if he did, courts have found that a party's non-receipt of an email does not relieve it from the thirty-day time requirement in §

---

[29] 28 U.S.C. §§ 1446(b)(1), (3).
[30] R. Doc. 1 at ¶ 2.
[31] R. Doc. 1-5 at 15.
[32] R. Doc. 10-15.
[33] § 1446(b)(3); *see Sibley v. Dahm*, No. 24-CV-2728, 2025 WL 1540353, at *4 (E.D. La. May 30, 2025); *Martin v. Senko (USA) Inc.*, No. 22-CV-1715, 2022 WL 17408414, at *2 (W.D. La. Nov. 17, 2022), report and recommendation adopted, 2022 WL 17405838 (W.D. La. Dec. 3, 2022).

1446.³⁴ The Court finds that the April 28, 2025 email, which contained the order denying the Motion to Recuse and is addressed to Klein, constituted receipt of an order.³⁵ And because the email was received on April 28, 2025, more than thirty days before the June 4, 2025 removal, the Court finds that removal was untimely.³⁶

## C. Injunction

Finally, the Court considers Girod's request that the Court enjoin Klein from filing in this Court absent leave of Court from the undersigned as Chief Judge. Generally, a federal district court "has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."³⁷ Any such injunction must be tailored in such a way that the court and innocent parties are protected from such vexatious, abusive, and harassing filings and that the legitimate rights of litigants are preserved.³⁸ The Fifth Circuit, borrowing from the Fourth Circuit, requires district courts to weigh four factors when examining whether to impose a prefiling injunction:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions³⁹

---

³⁴ *See Sibley*, 2025 WL 1540353, at *4; *Martin*, 2022 WL 17408414, at *3.
³⁵ R. Doc. 37-1; *see also Credeur v. York Claim Serv.*, No. CIV.A. 13-1367, 2013 WL 5935477, at *6 (W.D. La. Nov. 4, 2013).
³⁶ Remand is appropriate because the Court lacks subject matter jurisdiction and because removal was untimely. Therefore, the Court declines to consider Girod's third basis for remand.
³⁷ *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (*citing Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)).
³⁸ *Id.*
³⁹ *Baum*, 513 F.3d at 189 (5th Cir. 2008) (*quoting Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).

After weighing the factors for the imposition of a pre-filing injunction, the Court has determined that the factors weigh against the imposition of such an injunction. As a result, as it pertains to a pre-filing injunction, Girod's motion is denied.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** Girod's Motion to Remand and Motion for Entry of Prefiling Injunction Against Henry L. Klein[40] is **GRANTED in part** and **DENIED in part**. The Motion for Remand is **GRANTED**, and the case is remanded to Civil District Court for the Parish of Orleans. The Motion for Entry of Prefiling Injunction Against Henry L. Klein is **DENIED**.

New Orleans, Louisiana, August 22, 2025.

*Wendy B. Vitter* (signature)
**WENDY B. VITTER**
**United States District Judge**

---

[40] R. Doc. 10.