UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIROD LOANCO, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1127** |
| **HENRY L. KLEIN** | **SECTION: D(5)** |

## ORDER AND REASONS

Before the Court are two Motions for Reconsideration of the Order Remanding Case to State Court filed by Defendant Henry L. Klein ("Klein").[1] Plaintiff Girod LoanCo, LLC, ("Girod") opposes the Motions.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motions are **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND[3]

Finding that removal of this action to federal court was both improper due to a lack of subject-matter jurisdiction and untimely, this Court issued an order and reasons remanding this case to Civil District Court for the Parish of Orleans on August 22, 2025. A week later, Klein filed a Motion for Reconsideration of that Order and Reasons; he filed a subsequent motion on August 31, 2025, with additional exhibits. Klein argues (1) that removal was proper under 28 U.S.C. §1443 because of a violation of his First Amendment violation of equal access to courts (2) that removal was not untimely because of a clerical error in mailing the notice of judgment to an incorrect address, (3) that Girod did not have the right to file a Motion to Remand,

---

[1] R. Docs. 52, 53.
[2] R. Doc. 54.
[3] In the interest of judicial efficiency, the Court adopts the Factual and Procedural Background from the Order and Reasons Remanding the Case to State Court (R. Doc. 51) and incorporates it here by reference.

and (4) that the Declaratory Judgment Act provides this Court the hear the present case.[4] Girod responds that a Motion for Reconsideration is improper because the Order of Remand completely divested this Court of jurisdiction at the moment that the certified copy of this Court's remand order was mailed to the Clerk of Civil District Court for the Parish of Orleans.[5]

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[6]

## III.  ANALYSIS

Under 28 U.S.C. §1447, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" unless the case was "removed pursuant to section 1442 or 1443 of this title."[7] This rule "has been part of American jurisprudence for at least a century."[8] Per Klein's Notice of Removal, he did not remove this case under Sections 1442 or 1443 of Title 28.[9] The Defendant's characterization of the removal now as being a civil rights action cannot confer this

---

[4] R. Doc. 53 at p. 1-3.
[5] R. Doc 54 at p. 1-2.
[6] FED. R. CIV. P. 54(b).
[7] 28 U.S.C. §1447
[8] *American Bank & Trust Co., Inc. v. Roberts,* 2011 WL 6660922 (E.D. La. Dec. 21, 2011) (Fallon, J.) (quoting *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996)).
[9] *See* R. Doc. 1 at p. 1-3.

Court with either jurisdiction or the power to reconsider.[10] As a result, under Section 1447, the order remanding the case to state court is not reviewable.

Jurisprudentially, "[i]f [remand is] based on lack of subject matter jurisdiction, once the Clerk of Court mails a certified copy of the remand order to the state court, the federal court is completely divested of its jurisdiction, including for reconsideration purposes."[11] Even if this Court were to find that the Order to Remand was erroneous—which it does not— a remand order cannot be vacated even by the district court."[12] The Order and Reasons for Remand stated that the case was being remanded due to a lack of subject matter jurisdiction.[13] The Clerk of Court then mailed a certified copy of this Court's Remand Order on August 22, 2025, which effectuated a divestment of this Court's jurisdiction under law.[14] As a result, based on both statute and jurisprudence, this Court lacks the jurisdiction to consider the Motions to Reconsider its order remanding the case to Civil District Court for the Parish of Orleans.

## IV. CONCLUSION

For the foregoing reasons,

---

[10] *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).
[11] *Arnoult v. Gen. Elec. Cap. Corp.*, No. Civ.A. 03-0011, 2004 WL 764193, at *3 (E.D. La. Apr. 8, 2004) (*citing Browning v. Navarro,* 743 F.2d 1069 (5th Cir.1984)).
[12] *Helmer v. Weaver*, 123 F. Supp. 2d 1010, 1011 (E.D. La. 2000) (Barbier, J.) (quoting *New Orleans Public Service v. Majoue*, 802 F.2d 166, 167 (5th Cir.1986)).
[13] R. Doc. 51, at p. 5 ("Klein has failed to establish that this Court has subject matter jurisdiction, and the Court therefore must remand this matter.").
[14] R. Doc. 51-1.

**IT IS HEREBY ORDERED** that Defendant Henry L. Klein's Motions for Reconsideration[15] are **DENIED**.

New Orleans, Louisiana, September 24, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[15] R. Docs. 52, 53.